UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO.:

WILLIS CUSTOM YACHTS, LLC,

    Plaintiff,

v.

M/Y *LET'S GO* (EX: *DIAMOND LADY; CONTRARIAN; FANCY FREE*), a 1988 model 103.19-foot Broward Marine motor yacht, originally marked with Hull Identification Number BMI002370988, currently marked with Hull Identification Number BMI002370888, *in rem,*

    Defendant.
_____/

## **VERIFIED COMPLAINT**

Plaintiff, Willis Custom Yachts, LLC ("Willis"), sues *in rem* Defendant, M/Y *Let's Go* (Ex: *Diamond Lady*; *Contrarian; Fancy Free*), a 1988 model 103.19-foot Broward Marine motor yacht, and alleges:

    1.    Plaintiff, Willis Custom Yachts, LLC., (hereinafter "Willis" or "Plaintiff"), brings a maritime lien foreclosure action under Title 46 U.S.C. § 31342 to collect money owed for *necessaries* provided to the *in rem* Defendant, M/Y *Let's Go* (Ex: *Diamond Lady*; *Contrarian*; *Fancy Free*).

    2.    Title 28 U.S.C. § 1331 provides subject matter jurisdiction to this Court because Plaintiff's maritime lien foreclosure action involves a federal question under Title 46 U.S.C. § 31342.

3. Title 28 U.S.C. § 1333 also grants subject matter jurisdiction to this Court because Plaintiff's claim involves services provided to a vessel.

4. Willis is a Florida limited liability company that operates a boat yard business at 6800 Jack James Drive, Stuart, Florida.

5. American Custom Yachts, Inc., owned and operated the boat yard business at 6800 Jack James Drive, Stuart, Florida, prior to May 1, 2021.

6. On May 1, 2021, Willis acquired the assets of the boat yard business from American Custom Yachts, Inc.

7. Willis' acquisition included the storage agreement for M/Y *Let's Go* (Ex: *Diamond Lady*; *Contrarian*; *Fancy Free*).

8. *In rem* Defendant, M/Y *Let's Go* (Ex: *Diamond Lady*; *Contrarian; Fancy Free*), is a 1988 model 103.19-foot Broward Marine motor yacht ("Vessel").

9. Broward Marine, Inc. built the Vessel at its Saugatuck, Michigan facility in 1988 and marked the Vessel with Hull Identification Number BMI002370988. A copy of the Builder's Certification that was filed with the U.S. Coast Guard National Vessel Documentation Center is attached hereto as Exhibit "1."

10. Broward Marine sold the Vessel to the first retail purchaser, Harvey J. Wilson, on September 16, 1988. See Exhibit "1;" and the U.S. Coast Guard's Abstract of Title attached hereto as Exhibit "2."

11. At some point during the Vessel's history, it had a major refit, which included an extension of the hull's length.

12. The contractor that performed the refit installed a new metal marker inside the Vessel which is stamped with Hull Identification Number BMI002370888.

13. The new Hull Identification Number on the Vessel contains a scrivener's error in that the tenth digit is "8" when it should be "9." Compare the Hull Identification Number in the Builders Certificate attached as Exhibit "1," with the picture of the Vessel's current Hull Identification Number, which is attached as Exhibit "3."

14. The Vessel was sold to Ama Del Mare on June 4, 2008. See Exhibit "2."

15. Ama Del Mare registered the Vessel as "*Let's Go*" with the Cayman Islands Shipping Registry on July 15, 2008. A copy of the Vessel's Cayman Island's registration is attached as Exhibit "4."

16. Ama Del Mare had the Vessel deleted from the U.S. Coast Guard's documentation on August 17, 2017. See the U.S. Coast Guard's Evidence of Deletion from United States Documentation attached as Exhibit "5."

17. On January 31, 2011, Lauderdale Marine Center, LLC ("LMC") filed suit to foreclose a preferred maritime *necessaries* lien against the Vessel in the U.S. District Court for the Southern District of Florida, Case No. 0:11-cv-60207-Huck.

18. LMC obtained a Final Default Judgment against the Vessel on April 21, 2011. (See Case No. 0:11-cv-60207-Huck, ECF No. 19).

19. The U.S. Marshal sold the Vessel to LMC on May 11, 2011. (See Case No. 0:11-cv-60207-Huck, ECF Nos. 21, 23).

20. LMC sold the Vessel to Ares Marine, Inc. on May 31, 2011. A copy of the May 31, 2011 Purchase & Sale Agreement is attached hereto as Exhibit "6."

21. The president and principal shareholder of Ares Marine, Inc. is Rigoberto "Rick" Pineiro. A copy of the State of Florida, Division of Corporations' electronic record of Ares Marine, Inc. is attached hereto as Exhibit "7."

22.     On or about August 30, 2017, Ares Marine, Inc. sold the Vessel to Rigoberto Pineiro.

23.     Mr. Pineiro registered the Vessel in his name with the State of Florida Department of Highway Safety and Motor Vehicles on August 30, 2017.  A copy of the Florida Vehicle Record showing Pineiro is the Vessel's owner is attached as Exhibit "8."

24.     The Florida Vehicle Record also shows Mark E. Daman is a lienholder.  See Exhibit "8."

25.     The *in rem* Defendant is a "vessel" as defined under Title 1 U.S.C. § 3.

26.     Willis invokes Rule 9(h) of the Federal Rules of Civil Procedure.

27.     Willis also invokes Supplemental Admiralty Rules C and E to foreclose its preferred maritime *necessaries* lien against the Vessel.

28.     The Vessel is currently located at Willis' premises, which is within the territorial jurisdiction of the U.S. District Court for the Southern District of Florida.

29.     The storage and other services that Willis provided to the Vessel are considered "*necessaries*" under the general maritime law and Title 46 U.S.C. § 31342.

30.     When Pineiro put the Vessel in storage at the boat yard on June 22, 2018, he identified the Vessel as "Ares 100' Broward."

31.     When Willis procured the assets of the boat yard business in May 2021, the storage rate for the Vessel was $10.50 per foot per month.

32.     Mr. Pineiro has not paid for the Vessel's storage from May 1, 2021 through the filing date of this action.

33.     When Willis acquired the boat yard it started making improvements to attract better business.

34. The improvements included getting the old, unattractive boats, whose owners did not pay the storage bills, out of the facility.

35. Willis informed Pineiro the Vessel's storage rate would increase to $210.00 per foot per month on July 1, 2021 to encourage him to remove it from the facility before that date.

36. On July 20, 2021 Willis sent a $24,511.00 invoice to Pineiro regarding the Vessel's storage fees for the period of May 1, 2021 through July 31, 2021. This invoice showed the storage rate increased to $210.00 per foot per month as of July 1, 2021. A copy of Willis' July 20, 2021 invoice is attached as Exhibit "9."

37. Despite the storage rate increase, Mr. Pineiro did not remove the Vessel from Willis' premises and he did not pay for the storage.

38. On September 16, 2021, Willis sent a Removal Notice to Pineiro under Florida Statute § 810.09, which demanded Pineiro remove the Vessel from Willis' facility or else he would be subject to trespass under Florida law. A copy of Willis' Removal Notice is attached hereto as Exhibit "10."

39. Mr. Pineiro ignored Willis' Removal Notice.

40. Willis sent additional invoices to Pineiro regarding the Vessel's storage charges but Pineiro refused not pay the storage fees. Copies of Willis' November 2021, May 2022, and July 2022 invoices are attached as Exhibits "11," "12," and "13."

41. As of July 31, 2022, Pineiro owes Willis $291,631.00 for the Vessel's storage. See Exhibit "13."

42. Willis provided *necessaries* to the Vessel which are described in the invoices attached hereto.

43. Willis continues to provide storage to the Vessel at the rate of $210.00 per foot

5

per month and the charges will continue to accrue until the date when the U.S. Marshal serves the Vessel with the warrant of arrest *in rem*.

44.     Willis is entitled to recover from the Vessel all expenses, including court costs and *custodia legis*.

45.     Willis has fulfilled or satisfied all conditions precedent to file this action.

## COUNT I
## *NECESSARIES* LIEN FORECLOSURE ACTION
## PURSUANT TO TITLE 46 U.S.C. § 31301, *et, seq.*

46.     Willis re-alleges paragraphs 1 through 45 of the Verified Complaint as if fully set forth herein.

47.     Title 46 U.S.C. § 31342 provides Willis a federal statutory cause of action that enables it to foreclose a maritime *necessaries* lien against the Vessel through this *in rem* action.

48.     Willis is entitled to foreclose its maritime *necessaries* lien to recover damages from the Vessel for the unpaid invoices under Title 46 U.S.C. § 31342 and general maritime law.

49.     Willis is also allowed to recover pre-judgment interest under the general maritime law.

50.     Furthermore, Willis is entitled to recover amounts for *necessaries* provided to the Vessel up to the point when the U.S. Marshal serves the warrant of arrest *in rem*.

51.     In addition to recovering the amount due for *necessaries*, Willis is entitled to recover court costs, including *custodia legis* expenses (e.g. U.S. Marshal's fees/expenses and the substitute custodian's fees and expenses), from the Vessel.

WHEREFORE, Plaintiff, Willis Custom Yachts, LLC, demands the following relief:

(A)     That the Court order the Clerk of Court to issue a warrant of arrest *in rem* for M/Y *Let's Go* and direct the U.S. Marshals Service to serve the warrant on the Vessel to bring it within the Court's jurisdiction.

(B)     That the Court direct the manner in which Willis shall give notice of this action to the owner, master, ranking officer and/or manager of the Vessel, and to any persons, firms or corporations having an interest therein.

(C)     That the Court order all persons claiming any interest in the Vessel to appear and answer the matters aforesaid.

(D)     That the Court declare Willis Custom Yachts, LLC. has a preferred maritime lien for *necessaries* against the Vessel and that it is a valid and subsisting lien upon the Vessel.

(E)     That the Court declare Willis Custom Yachts, LLC's preferred maritime *necessaries* lien is superior in interest to all other liens, claims or interests that may be asserted against the Vessel in this suit.

(F)     That the Court decree all persons, firms and corporations claiming any interest in the Vessel who fail to intervene in this suit to assert their claims against the Vessel are forever barred and foreclosed of all right or equity redemption, or claim of, in, or to said Vessel.

(G)     That the Court enter judgment in favor of Willis Custom Yachts, LLC against M/Y *Let's Go* (Ex: *Diamond Lady*; *Contrarian; Fancy Free*), originally marked with Hull Identification Number BMI002370988 and currently marked with Hull Identification Number BMI002370888, for the outstanding debt owed for the *necessaries* described herein plus pre-judgment interest, and court costs, including *custodia legis* expenses.

(H)     That the Court condemn M/Y *Let's Go* (Ex: *Diamond Lady*; *Contrarian; Fancy Free*), originally marked with Hull Identification Number BMI002370988 and currently marked with Hull Identification Number BMI002370888, and order it sold at auction by the United States Marshal to pay the *in rem* judgment awarded to Willis Custom Yachts, LLC.

    (I)    That the Court allow Willis Custom Yachts, LLC to credit bid up to the amount of its judgment at the U.S. Marshal's sale of the Vessel.

    (J)    That the Court decree that Willis Custom Yachts LLC's credit bidding authority is superior to any other liens that may be asserted against the Vessel.

    (L)    And that the Court may award Willis Custom Yachts, LLC such other and further relief as it deems just and proper.

Dated:   August 18, 2022.

Respectfully submitted,

STROUP & MARTIN, P.A.
Attorneys for Plaintiff
119 Southeast 12th Street
Fort Lauderdale, Florida 33316
Telephone:  (954) 462-8808
Facsimile:  (954) 462-0278
E-mail:  fmartin@stroup.law.com
E-mail:  jstroup@strouplaw.com

By: */s/ Farris J. Martin, III*
    FARRIS J. MARTIN, III
    Florida Bar No. 879916
    JAMES W. STROUP
    Florida Bar No. 842117

(The Verification is on the next page.)

## VERIFICATION

Doug West states under oath:

1. My name is Doug West, I am over twenty-one (21) years old, and I am the general manager of Willis Custom Yachts, LLC.

2. I read the foregoing Verified Complaint and know the contents thereof. The factual allegations are true to the best of my knowledge.

3. The sources of my information as to all matters stated in the Verified Complaint are based upon my personal knowledge, my review of Willis' records, interviews of Willis' employees that have knowledge of the services and supplies provided to the Vessel, and the exhibits referred to herein.

Pursuant to Title 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 16, 2022.

By: _____
DOUG WEST, as General Manager of WILLIS CUSTOM YACHTS, LLC

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with this Court's CM/ECF docketing system this 18th day of August, 2022.

By: */s/ Farris J. Martin III*
FARRIS J. MARTIN III
Florida Bar No.:  879916